Circuit Court, District of Columbia. Nov. Term, 1838.

CONVEYANCE BY GRANTOR OUT OF POSSESSION.

A sale made by a trustee under a decree of the court will not pass the title of land in the actual adverse possession of a third person at the time of the decree.

At law.

Ejectment [by Richard Roe ex dem. Daniel Carroll, and of the Bank of Washington against Alfred R. Dowson] for lot No. 9, in the square No. 687, in the city of Washington. The plaintiff claimed under a demise from the Bank of Washington, and also from Daniel Carroll, of Duddington. The plaintiff gave in evidence, 1. A certificate of the original division of the square between the public and Mr. Carroll, by which the lot No. 9 was allotted to him. 2. A decree of this court, in the cause of G. Coombe v. D. Carroll, of D., for a sale of the lot. and a sale by the trustee to the Bank of Washington. The defendant showed that he was, at that time, in actual possession of the lot, holding it adversely to Mr. Carroll, who has received the whole purchase money due by the defendant for the lot. There had been no notice to Dawson to quit.

Mr. Marbury, for plaintiff.
Mr. Jones, for defendant.

THE COURT (nem. con.) was of opinion, that as the defendant held an actual adverse possession at the time of the decree for a transfer of the legal title from Mr. Carroll to the Bank of Washington, neither the demise by Mr. Carroll, nor that by the bank was a valid demise. The plaintiff became nonsuit.

═════

## Case No. 2,453.

### CARROLL v. FINNAGAN et al.

[1 Cranch. C. C. 234.] [1]

Circuit Court, District of Columbia. Dec. Term, 1804.

LANDLORD AND TENANT—USE AND OCCUPATION—MEASURE OF DAMAGES.

It seems, that in an action for use and occupation. the plaintiff can recover only for the time of the actual occupation, although there be a parol lease for a whole year at a certain rent, and the tenant voluntarily quits the premises during the year. The parol demise is only evidence, in such an action. of the rate at which the defendant is to be charged for the time of actual occupation.

Case, for use and occupation. A parol demise for a year from 1st November, 1802, at six hundred dollars per annum was proved. Defendants [Finnagan and Waters] quitted

[1] [Reported by Hon. William Cranch, Chief Judge.]

the house in February, 1803, because the chimneys smoked, so that their lodgers had determined to leave them.

Mason, for plaintiff, contended for the whole year's rent.

THE COURT (FITZHUGH, Circuit Judge, absent) were inclined to be of opinion that under this form of action the defendants were liable only for the time they actually occupied the house; and the statute 11 Geo. II. c. 19, § 14, only made the parol demise admissible as evidence of the rate at which the defendants should be charged for the time of actual occupation: The words of the statute being that: "Where the agreement is not by deed, it shall be lawful for the landlord to recover a reasonable satisfaction for the lands, etc., held or occupied by the defendant in an action on the case, for the use and occupation of what was held or enjoyed. And if in evidence on the trial of such action any parol demise, or any agreement (not being by deed) whereon a certain rent was reserved shall appear, the plaintiff in such action shall not therefore be nonsuited, but may make use thereof as an evidence of the quantum of the damages to be recovered." Verdict for the plaintiff, $290 only.